1

**David M. Michael (CSB #74031)**
**Edward M. Burch (CSB # 255470)**
**LAW OFFICES OF DAVID MICHAEL**
**One Sansome Street, Suite 3500**
**San Francisco, CA 94104**
**Telephone:  (415) 946-8996**
**Facsimile:   (877) 538-6220**
**Email:  david@davidmichaellaw.com**

2

3

4

5

6

**Lance Rogers (CSB #258088)**
**LAW OFFICES OF LANCE ROGERS, APC**
**835 5th Ave., Ste. 315**
**San Diego, CA 92101**
**Telephone: (619) 333-6882**
**Facsimile:  (619) 330-0601**
**Email:  lance@lrogerslaw.com**

7

8

9

10

11

**Attorneys for Defendant WILLIAM RICHARD BAILEY**

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(Honorable Cathy Ann Bencivengo)**

13

14

15

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | CASE NO.:  3:13-cr-3046-CAB |
|                                 ) | |
|            Plaintiff   ) | **MEMORANDUM OF POINTS AND** |
|                                 ) | **AUTHORITIES IN SUPPORT OF** |
| v.                                ) | **DEFENDANT'S** |
|                                 ) | **SECOND/SUPPLEMENTAL MOTION** |
|                                 ) | **FOR DISCOVERY; REQUEST FOR** |
| WILLIAM RICHARD BAILEY   ) | **LEAVE TO FILE ADDITIONAL** |
|                                 ) | **MOTIONS** |
|           Defendant.   ) | |
|                                 ) | Date:  November 22, 2013 |
|                                 ) | Time: 11:00 a.m. |
| | Courtroom 4C |

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental
Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

i

1
2
3

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................1

II. BRIEF STATEMENT OF FACTS AND PROCEDURE........................2

III. ARGUMENT ......................................................................................3

    A. MOTION TO COMPEL FURTHER DISCOVERY .........................3

        i. The government is required to produce relevant evidence and material that could lead to relevant evidence in its possession ...............................................................3

        ii. The elements of attempt to evade tax under 26 U.S.C. § 7201 .......................4

        iii. Specific requests ................................................................................5

        iv. (Other) IRS Records Specific to Dr. Bailey ...............................................6

        v. General Records and Delegation Orders which demonstrate that any Taxes Allegedly Due By Dr. Bailey were not imposed upon him by the Internal Revenue Code ..............10

    B. THE ABOVE DISCOVERY IS RELEVANT OR LIKELY TO LEAD TO RELEVANT EVIDENCE AND MUST BE TURNED OVER....................................................13

    C. RENEWED REQUEST FOR LEAVE TO FILE ADDITIONAL MOTIONS..................15

IV.  CONCLUSION...................................................................................15

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

ii

**I.      INTRODUCTION**

Defendant, WILLIAM RICHARD BAILEY ("Dr. Bailey") moves to compel further production and inspection, from Plaintiff United States of America ("the government"), of discovery in the possession of the government but which has not yet been produced, including certain Internal Revenue Service ("IRS") records[1] for the years 1998-present pertaining to the defendant and/or his defense, outlined *infra*.

Much is lacking from the government's sparse initial production thus far, and an abundance of necessary material, both related to the government's burden and Dr. Bailey's defenses,  is within the documents and records maintained by the IRS and government agents involved in this case.[2]  This discovery is essential to Dr. Bailey's defense against the charges he faces, including that such documents will demonstrate to the Court and to the jury that the IRS must comply with certain statutes, regulations and Internal Revenue Manual ("IRM") provisions

[1] IRM 1.15.2.2  (08-30-2013) Definition of Records
According to 44 United States Code (USC) Section 3301, the term "record" includes all books, papers, maps, photographs, machine readable materials, or other documentary materials, regardless of physical form or characteristics, made or received by an agency of the U.S. Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the government or because of the informational value of data in them.
http://www.irs.gov/irm/part1/irm_01-015-002.html (September 29, 2013).

[2] To the extent that any of the specific documents requested herein do not exist, Dr. Bailey requests that the government clearly state so and provide a verification that they do not exist in the record. Further, if the requested material existed at any time in IRS records pertaining to the defendant but were erased, reversed or by any other means disappeared from such records, it is requested that the government produce the "disappeared" or missing records as they existed before disappearance.
When Dr. Bailey uses the word "identify" below in reference to any IRS employee, he respectfully requests that he be provided with a full legal name, official job title, GS rating, official job description, and supervisor of the employee.  He asks that he be provided with contact information for them and their supervisor, to include official contact telephone number, complete mailing address and physical address, sufficient for service of process for the individual being identified.

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

1

1    in its determinations of a tax liability and deficiency without which no tax is owed. Absent a tax

2    deficiency, tax evasion cannot be proven.

3    **II.     BRIEF STATEMENT OF FACTS AND PROCEDURE**

4          Dr. Bailey has been charged with multiple violations of Title 26, United States Code

5    Section 7201- tax evasion.

6          On September 27, 2013, since the government had produced essentially no relevant

7    discovery, Dr. Bailey motioned the court for an order for the production of certain categories of

8    discovery, as defined by Fed. R. Crim. P.16. *See* Doc. 25. Demanded, with citation to legal

9    authority, were memorialization of any relevant statements by Dr. Bailey, arrest reports and law

10   enforcement notes and dispatch recordings relevant to the case, discovery regarding Dr.

11   Bailey's prior record/criminal history, reports of examinations and tests such as physical and

12   mental examinations and/or any scientific tests, the identification of any expert witnesses the

13   government may use here, any and all *Brady* material, *Giglio v. United States*, 405 U.S. 150

14   (1972) material, Jencks Act material , and any proposed Evidence Code 404(b) evidence.

15   Defendant also made a request for preservation of physical or other evidence that could be

16   destroyed, and for an opportunity for inspection of tangible objects relevant to this case, and for

17   examination or production of evidence seized in this case.

18         On or around October 17, 2013, the government produced discovery which mostly

19   included large amounts of financial documents from businesses where Dr. Bailey has provided

20   services, from banks where bailment "trusts" (that the government associates with Dr. Bailey)

21   banked, and of Dr. Bailey's wife's and stepson's banking activity. This production includes a

22   grand jury transcript of Dr. Bailey's testimony before a grand jury in this Court in July of this

23   year. The production also includes some agent reports of the government's investigation of Dr.

24   Bailey, including memorialization of some interviews agents conducted with various witnesses.

25         Dr. Bailey submits that this production is quite anemic and outlines what is missing in

26   the argument section below, leading to the present motion. Dr. Bailey notes that this further

27   request/demand herein outlining the shortfalls in the government's discovery is not exhaustive

28

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental
Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

2

so the specific requests herein are supplementary and not instead of the requests made in Dr. Bailey's first discovery motion.

## III.   ARGUMENT

### A.   MOTION TO COMPEL FURTHER DISCOVERY

#### i.   The government is required to produce relevant evidence and material that could lead to relevant evidence in its possession

Dr. Bailey's previous motion for discovery outlined the specific case law and rules of federal criminal procedure that require each category of evidence disclosed and those points and authorities are incorporated here by reference. *See* Doc. 25 at pp. 2-4.

Still, a few points as to the government's obligation here must be briefly emphasized. First, "*Brady* requires disclosure of exculpatory information that is either admissible <u>or is reasonably likely to lead to admissible evidence</u>." *United States v. Sudikoff*, 36 F.Supp.2d 1196, 1200 (C.D. Cal. 1999) (emphasis added).

Next, Fed.R.Crim.P. 16 requires disclosure of anything "material to the preparation of the defendant's defense." *E.g. Fed.R.Crim.P.(E)(i); United States v. Jordan*, 316 F.3d 1215, 1249-50 (11th Cir. 2003). Thus,

> In addition to the government's discovery obligations under Rule 16(a), the government must also honor the defendant's constitutional rights, particularly the due process right *Brady v. Maryland* established. *Brady* requires the prosecutor to turn over to the defense evidence that is favorable to the accused, even though it is not subject to discovery under Rule 16(a), since, eventually, such evidence may undermine the confidence in the outcome of the trial.

*United States v. Jordan*, 316 F.3d 1215, 1251 (11th Cir. 2003).

When a "request identifies *Brady* material, that information shall be disclosed without a showing by the defense of materiality" during the pre-trial stages. *United States v. Thevis*, 84 F.R.D. 47, 52 (D.C.Ga. 1979). Further, "in those instances in which the accused is unaware of what the prosecution possesses and must resort to a broadside request for all favorable evidence, it would be unrealistic to expect him to show anything more than a general

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

3

need." *United States v. Eley*, 335 F.Supp. 353, 357, n.2 (D.C.Ga. 1972). Finally,

> The problem is that in most cases, it is difficult to forecast the impact that a particular piece of information will have at trial, where it will fit in the defense preparation, what kind of other challenges it will or will not lead to. Given the difficulties of predicting materiality, the most appropriate rule should be one that errs on the side of disclosure of *Brady* material.

*United States v. Snell*, 899 F.Supp. 17, 21, n.9 (D. Mass. 1995).

The takeaway to the above is that where "doubt exists at to the usefulness of evidence, [the government] should resolve such doubts in favor of full disclosure." *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984). The government has not done so here and Dr. Bailey requests the Court order further specific discovery outlined below; however, it is necessary to first briefly review the elements of the single crime charged in this case.

### ii.     The elements of attempt to evade tax under 26 U.S.C. § 7201

In order to prove that Dr. Bailey violated 26 U.S.C. § 7201, the government must prove, beyond a reasonable doubt, that Dr. Bailey (1) owed more federal income tax for a the particular calendar year than was declared due on the his income tax return for that calendar year,  (2) knew that more federal income tax was owed than was declared due on the his income tax return, (3) made an affirmative attempt to evade or defeat such additional tax; and (4) in attempting to evade or defeat such additional tax, he acted willfully. *See, e.g., United States v. Kayser*, 488 F.3d 1070, 1073 (9th Cir. 2007).

While the government need not prove an exact amount of tax evaded for each year, it must prove that the amount was substantial. *See, e.g., U.S. v. Stierhoff*, 500 F. Supp. 2d 55, 61-62 (Dis. R.I. 2007) (citing appellate cases); *see also United States v. Masat*, 896 F.2d 88, 97-98 (5th Cir. 1990) ("three elements to the crime of tax evasion: the existence of a substantial tax deficiency, willfulness, and an affirmative act made with the intent to evade taxes") (citing *Sansone v. United States*, 380 U.S. 343, 351 (1965)); *United States v. McKee*, 506 F.3d 225, 235-36 (3d Cir. 2007) (deficiency must be substantial).

The "affirmative attempt", i.e. affirmative act, must be a commission, rather than an omission. *See Masat, supra*, 896 F.2d 88, 98-99.

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

4

As to the willfulness element, if evidence shows that Dr. Bailey acted on a good faith misunderstanding as to the requirements of the law it would show that he had not act willfully for purposes of § 7201 even if Dr. Bailey's understanding of the law is wrong or unreasonable. *See e.g.* Manual Of Model Criminal Jury Instructions For The District Courts Of The Ninth Circuit, Prepared by the Ninth Circuit Jury Instructions Committee 2010 Edition, Jury Instruction 9.42. While merely disagreeing with the law does not constitute a good faith misunderstanding of the law, in order to prove that Dr. Bailey acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law. As the comment to Instruction 9.42 refers:

> The government's burden of proving willfulness requires negating [1] a defendant's claim of ignorance of the law or [2] a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws. This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist. *Cheek v. United States*, 498 U.S. 192, 202, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (emphasis added). . . . In order to rely on a good faith defense, the defendant must in fact have some "belief;" either that her own understanding was correct, or that she in good faith relied on the tax advice of a qualified tax professional. See United States v. Bishop, 291 F.3d 1100, 1106-07 (9th Cir.2002).

*United States v. Trevino*, 419 F.3d 896, 901 (9th Cir. 2005).

### iii.    Specific requests

In light of the above, Dr. Bailey specifically requests the following discovery, which, as will be discussed further below, he contends is necessary for him to prepare an adequate defense to the charges in this case against him, and necessary to prepare further pretrial motions:

1.  Transcripts and exhibits from the grand jury convened in this court in or around July 2013, of witnesses other than Dr. Bailey who testified in regards to Dr. Bailey;

2.  Transcripts and exhibits from the grand jury convened in this court in or around July 2013 of general instructions or advisements not related to any specific witness

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

5

3. All exhibits, filings, orders and other documents memorializing any tax court proceeding regarding Dr. Bailey, including the tax court proceeding referenced in paragraph 9 of the government's indictment (Doc. 1)

4. All unfiled (in court) reports of government agents, all recorded communications between Dr. Bailey and Receiver Robert Moser, all communications between government agents and Receiver Moser, and all other documents and/or reports of the government, not filed in the case (excluding attorney work product material) which are in any way related to the "Warehouse Bank" case, *U.S v. Anthony L. Hargis, individually and dba Anthony L. Hargis & Co.*, Case No. SACV 04-00273 DOC (ANx.)(CD Cal.).

5. Documents that were purportedly part of the creation of a "trust" and "unincorporated business trust organization" and purportedly used by Dr. Bailey during at least calendar year 1990 through 2011 allegedly for the purpose of concealing income

6. Documents in the government's possession showing that the contracting trusts and bailment trusts were identified in commerce by a number issued by the Department of the Treasury/IRS which designated them as having no filing requirements ( in fact the number indicated that they were common law entities)

7. Documents reflecting and copies of contracts without regard to any limitation the government may place on the term including defining the "trusts" as only/purely statutory

8. Memorializations of agents' interviews with Dr. Dunnum reflecting that he supplied contract information and admonished agents in conversation and in writing not to conflate Dr. Bailey with the contracting trust.

### iv.    (Other) IRS Records Specific to Dr. Bailey

9. A copy of every Notice of Intent to Levy served on Dr. Bailey for the years 1998-present, pursuant to IRC § 6330.

10. Any copy of a IRC § 6001 notice having been served on Dr. Bailey for the years in question (IRC § 6001 provides, in part: "Whenever in the judgment of the Secretary it is necessary, he may require any person, **by notice served** upon such person or by

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

6

regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title.").

11. A complete copy of the AMDISA file (a computer generated summary of the IMF (Individual Master File), including but not limited to pages 001, 002, and 003 of the file, for the years 1998-present.

12. A copy of Form 5546 Charge Out, for the years 1998-present.

13. Form 5344, *Examination Closing Record*, for the years 1998-present.

14. Form 4549, *Income Tax Examination Changes* ("Taxable income on the Form 4549 reconciles to the taxable income amount on the MFOLR/BMFOLR")[3], for the years 1998-present.

15. Letter 1902B  SC Exam/CSCO (SFR Function if marked IRP or SFR), for the years 1998-present.

16. Form 895, Notice of Statute Expiration, for the years 1998-present.[4]

17. Any and all variants of Form 1902, Report of Individual Income Tax Audit Changes (obsoleted 1988), e.g., 1902-A, 1902-B, Report of Individual Income Tax Examination Changes, etc., for the years 1998-present.

18. IRC § 6020(b) Assessment Case File – RCS Part and Item No. IV/57, for the years 1998-present.

19. Form 5604, Section IRC § 6020(b) Action Sheet, for the years 1998-present.[5]

---

[3] IRM 4.8.9.7.9  (07-09-2013) *Other Items to Consider During the Review* http://www.irs.gov/irm/part4/irm_04-008-009.html (September 29, 2013).
[4] IRM 4.7.3.7  (01-26-2010) *Form 895 Requirements* http://www.irs.gov/irm/part4/irm_04-007-003.html#d0e393 (September 29, 2013).
[5] IRM 5.4.10.5  (10-05-2007) IRC 6020(b) ("Requests for 6020(b) will be received in CCP on a Form 5604, Section 6020(b) Action Sheet, to prepare returns under the authority of IRC 6020(b). * * * Returns can be prepared for BMF Forms, 720, 940, 941, 943, 944, 1065, 2290, or Form CT-1. Return requests for the preparation of any other forms to the revenue officer") http://www.irs.gov/irm/part5/irm_05-004-010.html (September 29, 2013).

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

7

20. Letter 1085, 30 Day Letter Proposed IRC 6020(b) Assessment, for the years 1998-present.[6]

21. Form 5345, Examination Request, for the years 1998-present.

22. Form 4340, *Certificate of Assessments, Payments, and Other Specified Matters,* for the years 1998-present.

23. Form 23C, *Summary Record of Assessments*, for the years 1998-present.

24. Revenue Accounting Control System (RACS) 006, *Summary Record of Assessments* for each assessment done by the IRS, for the years 1998-present.

25. Form 5734, *Non-Master File Assessment Voucher* for each assessment of penalty, taxes, interest made in the Non Master File, for the years 1998-present.

26. A complete, un-redacted copy of Plaintiff's "Protest File" maintained by the IRS.

27. The following information regarding the individual who signed the Summary record of Assessments for the years mentioned above;

    a.   The name of the person who signed this document

    b.   His or her job title

    c.   His or her pay grade

    d.   When he or she was appointed as an Assessment Officer?

    e.   Who appointed him or her as an Assessment Officer?

28. Individual Master File (IMF) COMPLETE.

29. Individual Master File (IMF) SPECIFIC.

30. Non-Master File (NMF).

31. Automated Non-Master File.

32. TXMODA (Tax Module A).

33. TXMODN (Tax Module N).

34. IMFOLT - Individual Master File On-Line.

---

[6] IRM 5.1.11.6.7.2  (03-13-2013) Preparation and Approval of 6020(b) Returns
http://www.irs.gov/irm/part5/irm_05-001-011r-cont01.html (September 29, 2013).

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental
Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

8

35. BMOLT - Business Master File On-Line.

36. All documents associated with each DLN (Document Locator Number) for the entries found in each record, for the years 1998-present.  Document Locator Number (DLN) means the number assigned to each return or other document introduced into processing, for control and file reference purposes.

37. Computer Form (CF) 5147, *IDRS Transaction Record*, for each TC 290, TC 291, TC 300, TC 192, TC 240, TC 196,  TC 173,  TC 806, TC 166, TC 167, TC 276, TC 670, TC 170, TC 171, TC 277, TC 197 , TC 820, TC 846, TC 776, and any TC not listed that has dollar amounts entered including $0.00, for the years 1998-present.

38. All notes, records and the like associated with said CF 5147 for said years. "Computer Form (CF) 5147 is generated at the campus each time a master file action occurs. It contains the refile Document Locator Number (DLN) and related information regarding the action." IRM 3.5, Accounts Services." IRM 4.4.32.11 (12-17-2010) Shipment of Source Document Folders http://www.irs.gov/irm/part4/irm_04-004-032.html (October 2, 2013).

39. Business Master File (BMF with EIN nn-nnnnnnn, where nn-nnnnnnn is the Defendant's Social Security number hyphenated as shown).  This request is based in part on IRM 4.2.1.1 (10-01-2003) Identification and Control Number - The similarity of taxpayers' names and the voluminous flows of documents require the use of permanent identifying numbers coupled with taxpayers' names. These numbers are necessary for ADP purposes to ensure positive control of each tax account and all related transactions.   http://www.irs.gov/irm/part4/irm_04-002-001.html (September 29, 2013).

40. All documents which show what the first and original entry was for all DLNs, as well as for all adjustment documents such as Form 12775 - ADJ54 Adjustment Format 12775, Form 12249 - Adjustment Document, or 13128 - On-Line Adjustment or any currently used documents to input the information into the Computer Forms (CF) 5147 that pertain to each of the Document Locator Numbers found in Dr. Bailey's IMF. To the extent that

---

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

9

some Transaction Code entries in Dr. Bailey's IMF (Individual Master File)  will show transaction dates after the cycle post-date, this is an indication that the data originally entered has been changed after that entry was checked for statutory and administrative compliance and the cycle post-date was issued). There should be two or more sets of documents for each DLN.

      i.   The first set of documents would show the original Transaction Code that was entered into the computer system and was checked for compliance as evidenced by the Cycle Post Date.

      ii.   The second set of documents would show what is currently in the IMF record.

41. A copy of every record, including transaction code, by whatever name known, that was entered anywhere on any transcript pertaining to Dr. Bailey and which has subsequently been deleted, reversed or made to disappear by any means.

      **v.    General Records And Delegation Orders Which Demonstrate That Any Taxes Allegedly Due By Dr. Bailey Were Not Imposed Upon Him By The Internal Revenue Code**

42. Treasury Order 150-10, dated April 22, 1982.

43. Delegation Order 5–2 (Rev 1), dated September 19, 2012.

44. Internal Revenue Manual - 4.19.17 Non-Filer Program in which this statement "Returns submitted must have the taxpayer's signature" appears. This version of the IRM would have been current in or about the year 2006. This statement allegedly appeared in the IRM Part 4. Examining Process, Chapter 19 Liability Determination, Section 17 Non-Filer Program, at subsection 4.19.17.1.3.1 (11-10-2006) Substitute For Return Procedures, ¶ 10.

45. The subsequent genealogy of Internal Revenue Manual - 4.19.17 Non-Filer Program so as to enable defendant to trace the 2006 version of this Program to the present version in the current IRM. See here for a partial copy of the materials sought:

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

10

http://famguardian.org/TaxFreedom/CitesByTopic/FDCPA-IRM4.19.17.1.2-20071130.pdf (October 3, 2013).

46. A copy of the Testimony of Dwight E. Avis, Head of the Alcohol and Tobacco Tax Division of the Bureau of Internal Revenue, in or about 1953, before the House Ways and Means Committee on Restructuring the IRS (83rd Congress, 1953), pages 1, 2 and 13 of said hearings, dated Tuesday, February 3, 1956, when he is alleged to have stated: "Let me point this out now. Your income tax is 100 percent voluntary tax, and your liquor tax is 100 percent enforced tax. Now the situation is as different as day and night. Consequently, your same rules just will not apply."

47. A copy of every deficiency determination made pertaining to defendant for tax years 1998-present and all documents, in any form, used to make such determinations.  IRM 4.19.17.1 (01-05-2010) - *Non-Filer Program* - provides, in relevant part: "Internal Revenue Code Section (IRC) 6212 authorizes the Service to send a notice of deficiency when a taxpayer appears to have a filing requirement but does not comply by voluntarily filing a tax return." IRC § 6212(a) provides, in relevant part: "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."

48. A copy of every deficiency determination made pertaining to defendant for tax years 1998-present and all documents, in any form, used to make such determinations.

49. The statutory authority upon which such deficiency determinations referred to above were made.

50. The complete chain, from the Secretary to the individual(s) who initiated said deficiency determinations, of specific delegation of authority orders authorizing the insertion of substitutes for return, substitute for return packages, and substitute for return computer transaction codes, into the IRS records pertaining to Dr. Bailey.

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

11

51. The complete chain, from the Secretary to the ASFR (Automated Substitute for Return) IRS unit within the IRS that initiated said deficiency determinations, of specific delegation of authority orders authorizing the insertion of substitutes for return, substitute for return packages, and substitute for return computer transaction codes, into the IRS records pertaining to Dr. Bailey.

52. A copy of each Form 13496, IRC Section 6020(b) Certification, and its automated counterpart, the IRC Section 6020(b) ASFR Certification pertaining to defendant for the tax years 1998-present. See samples at http://www.irs.gov/pub/irs-ccdm/cc-2007-005.pdf (October 3, 2013).

53. The delegation order that specifically authorized the IRS employee, who signed said IRC Section 6020(b) Certification, and its automated counterpart, the IRC Section 6020(b) ASFR Certification pertaining to defendant, to prepare Form 1040 or any variant thereof under the authority of IRC § 6020(b).

54. All training materials whereby IRS employees are instructed as to what items of income are "excluded by law," pursuant to Treas. Regs. §§ 1.61-1(a) & 1.61-2(a).

55. A list of all items of income that are "excluded by law," pursuant to Treas. Regs. §§ 1.61-1(a) & 1.61-2(a).

56. All training materials whereby IRS employees are instructed as to what items of income are "not taxable by the Federal Government under the Constitution," pursuant to Treas. Reg. § 1.312-6(b).

57. A list of all items of income "not taxable by the Federal Government under the Constitution," pursuant to Treas. Reg. § 1.312-6(b).

58. Copies of what are alleged to be IRC § 6020(b) Revenue Officer Training materials posted on the Internet at: http://www.synapticsparks.info/evidence/c10/pdffiles.html (October 2, 2013), including all pages pertaining to IRC § 6020(b) contained in this course.

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

12

59. Records in any and every format pertaining to the course, referenced immediately above, pertaining to IRC § 6020(b).

60. Revenue Officer Training Manual, Lesson 23 Re: IRC Section 6020(b). http://www.synapticsparks.info/evidence/c10/misc/Lesson 23-3.pdf (October 4, 2013). "The IRM (Internal Revenue Manual) restricts the broad delegation shown in figure 23-2 to employment, excise and partnership tax returns because of constitutional issues. You have already studied audit referrals as a means to enforce compliance on income tax returns."

61. The Government briefs filed with the Supreme Court in *G.M. Leasing Corp. v. United States*, 429 U.S. 338 (1977).

62. The criteria used by the IRS to insure that all "standard Service procedures" are "based on *Murray's Lessee*," as stated by the Supreme Court in *G.M. Leasing*, *supra*, at 360.[7]

63. The name, title, position, job description and duties of the individual who oversees the application of said criteria to insure that all "standard Service procedures" are based on *Murray's Lessee*.

64. The name, title, position, job description and duties of the individual who oversees the application of said criteria to insure that all IRS computer operations are based on *Murray's Lessee*.

65. Any and all Delegation Orders that specifically authorize IRS personnel to prepare, sign and execute Form 1040, U.S. Individual Income Tax Return, and any variation of said form, under the authority of IRC § 6020(b).[8]

## B.     THE ABOVE DISCOVERY IS RELEVANT OR LIKELY TO LEAD TO RELEVANT EVIDENCE AND MUST BE TURNED OVER

---

[7] *See Murray's Lessee v. Hoboken Land & Improv. Co.*, 59 U.S. 272, 18 How. 272 (1856); *GM Leasing Corp. v. United States*, 429 U.S. 338, 360 (1977).

[8] Due to the volume of records and the need for extensive decoding, defendant respectfully requests that, where possible, the records be provided in searchable, electronic format.

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

13

Items 1-8 above clearly go to at least the willfulness element of the charges here as it would go to Dr. Bailey's good faith belief as to the requirements of the tax laws. For example, the motion memoranda, exhibits and orders in Dr. Bailey's tax court case could tend to negate the willfulness element if they showed that the proceedings and final decision there could only be construed to require Dr. Bailey to file tax returns, without any guidance as to what those returns had to show. The flipside obviously is that the material could negate Dr. Bailey's good faith belief as to the requirements of the tax laws. Either way, they are discoverable.

The same goes for, for example, other witnesses' grand jury testimony and any documents reflecting "trusts" with which the government claims Dr. Bailey is associated.  It seems perfectly reasonable that other witnesses would testify about the purpose of trusts which goes to the heart of an affirmative act and to any good faith belief as to the law. Such is discoverable.

Items 9-41 would also go to at least the willfulness element; and as to the more technical items listed in 9-65 above, these items clearly go to the deficiency element of the charged crime. (1) The IRS procedures must comply with the standard set forth in *Murray's Lessee, supra* ("*Murray* due process Rule"). (2) The government has affirmed that its procedures are based upon Murray's Lessee. *See GM Leasing, supra*, 429 U.S. 338, 360 (1977).

> The IRS procedures are implemented by the Master File computer system in Martinsburg, WV. "Located in Martinsburg, West Virginia, this center **houses the master file records for the entire nation**. Previously known as Martinsburg Computing Center (MCC)."

http://www.irs.gov/pub/irs-utl/document6209.pdf at pp. 1-12.  (3) These discovery items will show that the Master File procedures comply with the *Murray* Rule. (4) The items will show that the Master File was contaminated by AIMS/NMF (Automated Information Management System/Non Master File) computer codes and procedures which violate the *Murray* Rule. (5) The items may constitute evidence that Dr. Bailey's supposed tax deficiencies were obtained by

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

14

improper and possibly fraudulent use of unauthorized and unconstitutional procedures, i.e., procedures that violate the *Murray* due process Rule.

Therefore, this discovery and chain of evidence will support, for example, a pretrial motion to exclude the IRS records from being admitted; without such IRS record evidence, the government will be unable to prove the "tax deficiency" element of § 7201, likely supporting a pretrial motion to dismiss on the merits.  The requested discovery should be compelled.

## C.    RENEWED REQUEST FOR LEAVE TO FILE ADDITIONAL MOTIONS

The discovery in this matter should be extremely extensive and complex. As such, it is contemplated that, upon receipt of the requested discovery here, further motions will have to be filed, including additional discovery and other pretrial and trial motions. Accordingly, Dr. Bailey in an abundance of caution again requests leave of this Court to file further motions, specifically including motions for discovery, should such motions be warranted.

## IV.    CONCLUSION

Based on the foregoing, Dr. Bailey respectfully requests that this Court, 1) compel production of the discovery requested, and 2) grant defendant leave to file further appropriate discovery motions.


Respectfully submitted,

Dated:  November 9, 2013


*s/David M. Michael*
DAVID M. MICHAEL
Attorney for Defendant WILLIAM RICHARD BAILEY


## CERTIFICATE OF ELECTRONIC SERVICE


I hereby certify that, on 9 November 2013, I electronically filed the foregoing with the Clerk of the Court for the Southern District of California by using the CM/ECF system. I certify

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

15

that all participants in the case are, or have applied to be, registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/David M. Michael*
DAVID M. MICHAEL
Attorney for Defendant WILLIAM RICHARD BAILEY

Memorandum Of Points And Authorities In Support Of Defendant's Second/Supplemental
Motion For Discovery; Request for Leave to File Additional Motions
CASE NO. 13 CR 3046 CAB

16