DAVID M. MICHAEL, CSBN 74031
EDWARD M. BURCH, CSBN 255470
LAW OFFICES OF DAVID M. MICHAEL
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone:  (415) 946-8996
Facsimile:    (877) 538-6220
E-mail:        david@davidmichaellaw.com

SCOTT W. GROSS (MI BAR # P43094)
P.O. Box 380257
Clinton Twp., MI 48038
586-416-8000
Email: swglaw@sbcglobal.net

Attorneys for Defendant
WILLIAM RICHARD BAILEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-CR-3046-CAB |
| Plaintiff, | MEMORANDUM OF LAW IN SUPPORT |
| v. | OF DEFENDANT'S MOTION TO DISMISS |
| | INDICTMENT BASED ON FALSE |
| WILLIAM RICHARD BAILEY, | EVIDENCE DELIBERATELY |
| | FABRICATED BY THE GOVERNMENT; |
| Defendant. | REQUEST FOR EVIDENTIARY |
| _____/ | HEARING, **EXHIBIT A** |

Date: September 24, 2015
Time: 2:00 PM
Courtroom 4C

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................iii

Cases ................................................................................................................................ v

Statutes ........................................................................................................................... vii

Defendant's Motion To Dismiss: False Evidence                                      i
Deliberately Fabricated by the Government

MEMORANDUM OF LAW ........................................................................................ 1

I. BRIEF STATEMENT OF THE CASE ................................................................... 1

II.  FALSE  EVIDENCE  DELIBERATELY  FABRICATED  BY  THE  GOVERNMENT
CONSTITUTES A LEGAL BAR TO THIS PROSECUTION UNDER FEDERAL RULES OF
CRIMINAL PROCEDURE ("FRCrP") 12(B)(2). ........................................................ 1

    A. The Controlling Legal Standards ................................................................. 1

    B. FRCrP 12(d) Requires Determination of This Question Pretrial ................... 2

III. THE FALSEHOODS MANUFACTURED BY THE GOVERNMENT DIRECTLY LED TO
THE INSTANT PROSECUTION ................................................................................ 4

IV. THE UNDERLYING FACTS AND TECHNICAL EVIDENCE THAT DISCLOSES THE
FALSE EVIDENCE FABRICATED BY THE GOVERNMENT ...................................... 8

    A. The False Entry Scheme Used In This Case ................................................. 9

V. AN EVIDENTIARY HEARING IS REQUIRED ................................................... 14

CONCLUSION .......................................................................................................... 15

CERTIFICATE OF ELECTRONIC SERVICE ............................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Abatti v. Commissioner*,
859 F.2d 115 (9th Cir.1988) ................................................. 7

*Castellano v. Fragozo*,
352 F.3d 939 (5th Cir. 2003) (*en banc*) ................................. 1

*Center Art Galleries – Hawaii, Inc. v. United States*,
875 F.2d 747 (9th Cir. 1989) ............................................... 14

*Cohen v. United States*,
378 F.2d 751 (9th Cir.), *cert. denied*, 389 U.S. 897 (1967) ........... 14

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) .......................................................... 3

*Devereaux v. Abbey*,
263 F.3d 1070 (9th Cir. 2001) (*en banc*) .............................. 1, 2

*Dobson v. Commissioner*,
320 U.S .489 (1943) .......................................................... 9

*Englert v. MacDonnell*,
551 F.3d 1099 (9th Cir. 2009) ............................................. 3

*Gregory v. City of Louisville*,
444 F.3d 725 (6th Cir. 2006) .............................................. 1

*Illinois v. Vitale*,
447 U.S. 410 (1980) .......................................................... 2

*Jones v. Cannon*,
174 F.3d 1271 (11th Cir. 1999) ........................................... 1

*Limone v. Condon*,
372 F.3d 39 (1st Cir. 2004) ............................................... 1

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) .......................................................... 3

*Mohawk Indus., Inc. v. Carpenter*,
558 U.S. 100 (2009) .......................................................... 3

*Pierce v. Gilchrist,*
359 F.3d 1279 (10th Cir. 2004) ............................................................. 1

*Ricciuti v. NYC Transit Auth.,*
124 F.3d 123 (2d Cir. 1997) ................................................................. 1

*Roberts v. Commissioner,*
T.C. Memo. 2004-100 ......................................................................... 9

*Rosenbloom v. Commissioner of Internal Revenue,*
(U.S.T.C. 2011) ................................................................................. 8

*Stogner v. California,*
539 U.S. 607 (2003) .......................................................................... 2

*United States v. Barletta,*
644 F.2d 50, (1st Cir. 1981) ............................................................. 2, 4

*United States v. Batiste,*
868 F.2d 1089 (9th Cir. 1989) ............................................................. 14

*United States v. Bulger,*
928 F.Supp.2d 294 (D. Mass. 2013) ....................................................... 2

*United States v. Carrion,*
463 F.2d 704 (9th Cir. 1972) ............................................................. 3, 14

*United States v. DiCesare,*
765 F.2d 890, 896 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir. 1985) ........... 14

*United States v. Doe,*
63 F.3d 121 (2d Cir. 1995) ................................................................. 2

*United States v. Ledesma,*
499 F.2d 36, 39 (9th Cir.), *cert. denied*, 419 U.S. 1024 (1974) ................... 14

*United States v. Nukida,*
8 F.3d 665 (9th Cir.1993) .................................................................. 4

*United States v. Shortt Accountancy Corp.,*
785 F.2d 1448 (9th Cir. 1986) ........................................................... 3, 4

*United States v. Sotelo–Murillo,*
887 F.2d 176 (9th Cir.1989) ............................................................... 2

*United States v. Thomas,*
863 F.2d 622 (9th Cir. 1988) .............................................................. 14

Defendant's Motion To Dismiss: False Evidence
Deliberately Fabricated by the Government

iv

*United States v. Yater*,
756 F.2d 1058 (5th Cir. 1985) ........................................................................ 2

*Washington v. Wilmore*,
407 F.3d 274 (4th Cir. 2005) ......................................................................... 1

*Whitlock v. Brueggemann*
682 F.3d 567 (7th Cir. 2012) ......................................................................... 1

*Will v. Hallock*,
546 U.S. 345 (2006) ......................................................................................... 3

*Wilson v. Lawrence Cnty.*,
260 F.3d 946 (8th Cir. 2001) ......................................................................... 1

*Witte v. United States*,
515 U.S. 389 (1995) ......................................................................................... 2

**Statutes**

IRC § 6020(b) .............................................................. 5, 7, 8, 11, 12, 13, 14

IRC § 7201 ......................................................................................................... 4

IRC § 7803(a)(2) ............................................................................................... 9

26 U.S.C § 7201 .............................................................................................. 1

42 U. S. C. § 1983 ............................................................................................ 3

**MEMORANDUM OF LAW**

**I.    BRIEF STATEMENT OF THE CASE**

Defendant, William Richard Bailey (hereafter "Dr. Bailey") is a licensed physician, practicing in the State of California.  For reasons that will be more fully set out herein, Dr. Bailey filed federal Form 1040 income tax returns for the years 2004-2011.  Plaintiff, the United States of American (hereafter "the government") then filed this present Indictment case, alleging eight counts of a violation of 26 U.S.C § 7201 (Tax Evasion) for the calendar years 2004 through 2011.

Following extensive discovery proceedings, Dr. Bailey now alleges herein that the government deliberately fabricated false evidence critical to the prosecution of this case and that the government's conduct was so outrageous that due process principles now bar the government from using this Honorable Court to obtain a conviction.

**II.   FALSE EVIDENCE DELIBERATELY FABRICATED BY THE GOVERNMENT CONSTITUTES A LEGAL BAR TO THIS PROSECUTION UNDER FEDERAL RULES OF CRIMINAL PROCEDURE ("FRCrP") 12(B)(2).**

**A.    The Controlling Legal Standards:**

The right to be free from criminal charges based upon false evidence deliberately fabricated by the government is a constitutional right. "[A]ll courts that have directly confronted the question . . . agree that the deliberate manufacture of false evidence contravenes the Due Process Clause." *Whitlock v. Brueggemann*, 682 F.3d 567, 585 (7th Cir. 2012), *cert. denied* 133 S. Ct. 981 (2013). This judicial agreement includes ten circuit courts. See *Limone v. Condon*,372 F.3d 39, 44–45 (1st Cir. 2004) (describing as "self-evident" that deliberate fabrication of evidence is unconstitutional); *Ricciuti v. NYC Transit Auth*., 124 F.3d 123, 130 (2d Cir. 1997); *Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005); *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (*en banc*); *Gregory v. City of Louisville*, 444 F.3d 725, 744–45 (6th Cir. 2006); *Whitlock*, 682 F.3d at 585–86;*Wilson v. Lawrence Cnty*., 260 F.3d 946, 954 (8th Cir. 2001); *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (*en banc*); *Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004); *Jones v. Cannon*, 174 F.3d 1271, 1289 (11th Cir. 1999). No circuits depart from this rule. Judge Kleinfeld stated the issue succinctly:

"Anyone who acts on behalf of the government should know that a person has a constitutional right not to be 'framed.'" *Devereaux*, 263 F.3d at 1084 (Kleinfeld, J., concurring in part, and dissenting in part).

### B.   FRCrP 12(d) Requires Determination of This Question Pretrial.

FRCrP 12(b)(2) provides for motions which may be brought up at any time.[1] Notes of Advisory Committee to the 1944 Adoption (Advisory Notes) state that this rule includes "all defenses and objections which are capable of determination without a trial of the general issue. They include such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, failure of indictment or information to state an offense, etc."[2]

The Government addressed this issue in *United States v. Bulger*, 928 F.Supp.2d 294 (D. Mass. 2013):

> [T]he "objections and defenses" referred to in [Rule] 12(b)(2) are all legal bars to prosecution: (1) former jeopardy, see, e.g., *Witte v. United States*, 515 U.S. 389, 396 (1995); former conviction and former acquittal, see, e.g., *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); and statute of limitations, see, e.g., *Stogner v. California*, 539 U.S. 607, 616 (2003) . . . . "Lack of jurisdiction" and "failure of indictment or information to state an offense" similarly preclude prosecution entirely when raised by substantiated motion. Immunity is no different. It is a legal bar to prosecution, not a defense at trial.

*Bulger*, 928 F.Supp.2d., slip Opinion at 8 n.5 (quoting Gov't's Mot. at 14 n.8).

Likewise, the legal bar to an indictment and prosecution based upon false evidence deliberately fabricated by the government is a legal issue to be decided by the Court pretrial, not a defense at trial. Cf. *United States v. Sotelo–Murillo*, 887 F.2d 176, 182 (9th Cir.1989) (noting that although a claim of "outrageous government conduct is sometimes referred to as a 'defense,' it is not an affirmative defense such as entrapment. This 'defense' is really an argument that the

---

[1] "Motions That May Be Made at Any Time. A motion that the court lacks jurisdiction may be made at any time while the case is pending." *Id.*

[2] "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995), *citing United States v. Yater*, 756 F.2d 1058, 1062 (5th Cir. 1985); accord *United States v. Barletta*, 644 F.2d 50, 58 (1st Cir. 1981).

Defendant's Motion To Dismiss: False Evidence
Deliberately Fabricated by the Government

2

government's conduct was so outrageous that due process principles bar the government from using the courts to obtain a conviction. . . . Whether the government's conduct is sufficiently outrageous to violate due process is a question of law reviewed *de novo*. It is not an issue for the jury . . .") (internal citations omitted).

A claim of false, government-fabricated evidence is not an affirmative defense negating criminal intent or proof of actual innocence, but instead is an avoidance-of-trial argument that seeks to bar a prosecution *en toto* – a legal bar to prosecution, not a defense to be weighed by the jury at trial. An avoidance-of-trial argument is very often raised pretrial by the defendant to avoid the risks and burdens of facing trial. *Cf. Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting in the context of 42 U.S.C. § 1983 qualified immunity that "[t]he entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").[3]

Where, as here, Dr. Bailey claims the due process right to be free from charges and prosecution founded upon false evidence deliberately fabricated by the Government, FRCrP 12(d) requires the Court to rule on his claim pretrial: "The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal." *Id*. Trial before ruling on this motion would effectively deny to him the right to appeal under the collateral order doctrine, a violation of Rule 12(d).  There can be no reasonable doubt that an indictment and trial based upon false government-fabricated evidence are not only violations of his constitutional right to be free from such proceedings; they would also serve to "imperil a substantial public interest," the constitutional right not to be framed by the government.

Finally, in *United States v. Shortt Accountancy Corp*., 785 F.2d 1448 (9th Cir. 1986), the

---

[3] The importance of a pretrial determination as to a prosecution derived from fabricated evidence is made manifest by the right of a defendant to obtain interlocutory appeal of an adverse ruling under the collateral order doctrine. A collateral order is immediately appealable if it will "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (citations omitted); see also *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009); *Englert v. MacDonnell*, 551 F.3d 1099, 1103 (9th Cir. 2009). Unreviewable on appeal means that the issue is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  See, also, *Will v. Hallock*, 546 U.S. 345, 353 (2006).

1    court found that while "a district court may make preliminary findings of fact necessary to

2    decide the questions of law presented by pre-trial motions," it may not do so if this process

3    would "invade the province of the ultimate finder of fact." *Id*. at 1452. The "unavailability of

4    Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the

5    respective provinces of the judge and jury are respected. . . ." *United States v. Nukida*, 8 F.3d

6    665, 670 (9th Cir.1993). "Under this standard, the district court must decide the issue raised in

7    the pretrial motion if it is 'entirely segregable' from the evidence to be presented at trial." *Shortt*

8    *Accounting*, 785 F.2d at 1452 (quoting *United States v. Barletta*, 644 F.2d 50, 57-58 (1st

9    Cir.1981)).

10        For the purposes of this motion, whether or not the Government manufactured false

11    evidence and its legal consequences is not relevant to any of the three elements of IRC § 7201 –

12    tax deficiency, affirmative acts, or willfulness. That issue, therefore, is "entirely segregable"

13    from the evidence to be presented at trial.

14    **III.   THE FALSEHOODS MANUFACTURED BY THE GOVERNMENT DIRECTLY**
                 **LED TO THE INSTANT PROSECUTION**

15

16        As will be shown here, the false evidence manufactured by the government was created

17    as part of Dr. Bailey's 1998 tax year dispute, culminating in a tax court proceeding in 2007, all

18    of which plays a central causative role in the present Indictment and in the prosecution of this

19    case. Prior to this Indictment, the government both encouraged and demanded that Dr. Bailey file

20    tax returns, something that he did not believe, under the then circumstances, he was necessarily

21    required to do.[4]  To controvert that reasonably and personally held subjective belief by Dr.

22    Bailey, the government deliberately and illegally altered his 1998-2004 IRS records to

23    fraudulently show that he did file returns, when in fact he had not.  This false-return scheme led

24    to abbreviated tax court proceedings, which, as will be shown, culminated in a belief by Dr.

25

26

27      [4] It is important to note here that, at every court hearing, and in a blatant attempt to poison
this Court's own beliefs, the government deliberately insists and loudly declares that Dr. Bailey

28    is a "tax protestor" or part of a "tax protest" movement.  This is false and not supported by any
evidence.  In fact, the evidence before, or soon to be before, this Court reveals that Dr. Bailey
does not dispute,  firmly believes, and has previously stated, that there exists "taxable income"
that may be taxed by the government.  The only dispute between Dr. Bailey and the government

Bailey that, even if he claimed and believed that he did not have taxable income requiring a tax return, he was, nonetheless, required to file a tax return because, **if he did not, the government would file one for him.**  As will be shown here and at an evidentiary hearing, it was the government's own falsification of Dr. Bailey's earlier tax returns that directly led to the present Indictment against him.

In the earlier administrative tax court proceedings in 2007, the judge refused to respond to any of Dr. Bailey's beliefs, rendering an oral decision that dismissed everything that Dr. Bailey had argued with the statement: "Petitioner is an educated and intelligent person and could not pursue these claims in good faith". The judge also represented that Dr. Bailey had given no valid excuse for failing to file tax returns, in essence ordering Dr. Bailey to file returns, as acknowledged in the Indictment and by counsel for the government in the instant matter.

At the onset in 1998, the government first contacted Dr. Bailey via a civil audit; it then manufactured entries into the IRS computer system to make it appear that Dr. Bailey had filed tax returns and had tax deficiencies when the IRS had created a substitute for return (SFR) under IRC § 6020(b) which, in actual fact, the Commissioner's safeguard procedures will not permit without the use of an override function which produced the false-return scheme.  The Internal Revenue Manual, itself, notes that an SFR is not, in actual fact, a return under § 6020(b). "An SFR, in and of itself, does not constitute a return under IRC 6020(b)." IRM **4.12.1.8.4 (10-05-2010)** *Substitute for Return* http://www.irs.gov/irm/part4/irm_04-012-001.html#d0e10 This unconscionable, false-return scheme, resulting in a falsely-obtained Notice of Deficiency (See, <u>Exhibit A</u>, attached hereto) is what forced Dr. Bailey into tax court with his petition for relief. When Dr. Bailey thereafter filed tax returns, as suggested by the tax court and IRS counsel, **and based on the false representation that, if Dr. Bailey did not file tax returns, then the government would do so for him, as it claimed it did for 1998,** the Department of Justice prosecuted him for doing so.

The Indictment, at ¶ 9, reads: "On or about October 31, 2007, defendant BAILEY

---

is exactly what, under federal law and the U.S. Constitution, constitutes "taxable income".
Fortunately, this form of Constitutional government does not punish one's beliefs.

Defendant's Motion To Dismiss: False Evidence
Deliberately Fabricated by the Government

5

appeared before the U.S. Tax Court in the Southern District of California, and the Court made a finding that BAILEY had taxable income that must be reported to the Internal Revenue Service." Regardless of the admissibility of the Tax Court's finding in the civil proceeding[5], this determination was based solely on the false evidence deliberately fabricated by the IRS in the 1998 deficiency proceedings. Dr. Bailey was indicted as a direct consequence of that false-return scheme in violation his constitutional right not to be charged by government-fabricated, false evidence.

In its Opposition to various defense discovery motions, the Government stated: "the statements made by Defendant and the tax court during the bench trial are admissible to prove motive, opportunity, intent, knowledge, planning, preparation, willfulness, and absence of mistake or accident." See Doc 46 at 24-25.

As shown here, and as will be further shown at an evidentiary hearing, it is clear that the Government obtained its Indictment and is prosecuting Dr. Bailey on the basis of the poisonous fruit of this same false-return scheme and its progeny, in violation of his Constitutional right not to be prosecuted on such basis. Even if the government backtracks on this representation, an evidentiary hearing will show that, **solely based on the false-return scheme and the alleged deficiency that resulted, Dr. Bailey was led to believe that, if he did not file tax returns, the government would [fraudulently] do so and claim a deficiency**.  It was solely based on those illegal and false fabrications and representations that Dr. Bailey subsequently filed the tax returns that resulted in this Indictment.

In point of fact, the IRS was well aware that Dr. Bailey held a firm conviction that he was not required to file income-tax returns if he believed that he had received no taxable income.

---

[5] As an evidentiary hearing will disclose, the tax court's finding only resulted from the false-return scheme and deficiency fabricated by the government for those proceedings. There was no other evidence before that court, much less any evidence related to the 2004-2011 tax years identified in the Indictment. **The only critical issue that follows from that finding by the tax court is, of course, that Dr. Bailey reasonably believed that, if he did not file tax returns, then the government would create tax returns for him, as it fraudulently did for 1998 and other years.** Although it seems clear that the tax court finding is irrelevant to any determination that any taxes were due for years not presented in that administrative hearing – and excludable at jury trial, in any event, pursuant to FRE 403, FRE 704 and FRE 802 – it is relevant to this

Defendant's Motion To Dismiss: False Evidence                                                         6
Deliberately Fabricated by the Government

1

2    WRB: As I said, I have no knowledge that would lead me to a belief that I have
     any taxable income. My understanding is that Section 1 of the code imposes a tax
3    on taxable income, and it doesn't impose a tax just on income, but on a specific
     thing called taxable income; that there's something called excluded income and
4    that there are a variety of distinctions that have to be made. Because I look at
     those issues, and I have firsthand knowledge of those situations, all the knowledge
5    that I have would suggest that I don't have a liability that would require the filing
     of a return for taxable income. That's according to the United States Code. The
6    Constitution . . . [Dr. Bailey's "good-faith belief" and "willfulness" discussion
     with IRS employees Elsie Addington and A. Weber on Sept. 20, 2006) FOIA
7    Disclosure document labeled *574 file Bailey.pdf* at p. 226 of the pdf file and p. 8
     of the transcript of the discussion]

8

9        Two months later, on November 20, 2006, IRS issued  a Notice of Deficiency for 1998

10   fabricated from the false-return scheme. Petition to Tax Court, *WB-TAX-CT-FILE-000004.pdf*.

11       IRS Area Counsel Erin Salel, who represented the Commissioner in the 1998 Tax Court

12   proceedings, was very familiar with the facts of the IRS's investigation of Dr. Bailey. See

13   *Examining Officers Activity Record* by Revenue Agent Chris Eubanks, dated 9/17/07:

14   "Discussed upcoming Tax Court case with AC Salel." *WB-FOIA-IRS-000781*.

15       Ms. Salel knew, or reasonably should have known, that no Substitute for Return (SFR)

16   under IRC § 6020(b) had been executed or, under the procedures, could be executed.

17   Nevertheless, in her Answer to Dr. Bailey's Petition, she stated that "RESPONDENT . . .

18   [a]dmits that a return under IRC § 6020(b) was created for the Petitioner." Tax Court File, *WB-*

19   *TAX-CT-FILE-000030*.

20       This constituted fraud on the Tax Court, because this admission was part of the IRS's

21   unconscionable plan or scheme to drag Dr. Bailey into Tax Court, where his sole remedy existed,

22   and, once there, to improperly influence the Tax Court in its decision, thereby preventing Dr.

23   Bailey "from fully and fairly presenting his case." "Fraud on the court must involve an

24   unconscionable plan or scheme which is designed to improperly influence the court in its

25   decision," preventing the opposing party "from fully and fairly presenting his case." *Abatti v.*

26   *Commissioner*, 859 F.2d 115, 118 (9th Cir.1988).

27

28
     _____

     motion to dismiss as a finding that only flowed from the false-return scheme and deficiency
     created by the government therefrom.
     Defendant's Motion To Dismiss: False Evidence                                              7
     Deliberately Fabricated by the Government

Had Ms. Salel informed the Tax Court of the false-return scheme used to authorize the 1998 deficiency proceedings, it can hardly be doubted that the outcome of the Tax Court trial would have been different.  At a minimum, Judge Cohen would have found that IRS had not created an SFR under § 6020(b), that Dr. Bailey had not consented to IRS's preparation of a return for him under § 6020(a) and that, given these facts, she lacked jurisdiction to hear the case, as there was no real tax return present in the record from which IRS could have determined a deficiency, a jurisdictional prerequisite to tax court jurisdiction.  It is also likely that the Indictment would not have appeared before this Court, or any other.

A very strong case can be made that the IRS well knew that the false-return scheme would cause Dr. Bailey to petition the Tax Court for his only remedy, where IRS Counsel would likely perpetrate fraud on that court and thereby prevent Dr. Bailey "from fully and fairly presenting his case."

IRS knew that it was inevitable that Judge Cohen, based on the false-return scheme and resulting deficiency, would find that Dr. Bailey had received taxable income which needed to be reported to IRS, and also knew, based on IRS's extensive communication with him and the suggestions and demands by the tax court and IRS counsel, that, **if Dr. Bailey did not file tax returns, then the government would do so for him, as it claimed it did for 1998.  This fabricated false evidence and these false representations are exactly what caused Dr. Bailey to file the tax returns that are part of this Indictment, contrary to Dr. Bailey's own expressed beliefs that he was not required to do so.  Ironically, Dr. Bailey was correct and the government was wrong.**

## IV.   THE UNDERLYING FACTS AND TECHNICAL EVIDENCE THAT DISCLOSES THE FALSE EVIDENCE FABRICATED BY THE GOVERNMENT

To demonstrate the Government's use of false evidence deliberately fabricated by the IRS, it is necessary to decode information contained within the highly technical manuals, transcripts and other IRS materials, much of which is also high-encrypted. "Transcripts" used in this context refer to IRS records, showing a history of the transactions posted on the taxpayer's individual Master File. In *Rosenbloom v. Commissioner of Internal Revenue*, (U.S.T.C. 2011), Judge Holmes noted the difficulty in deciphering the codes used in these materials: "These

transcripts are troves of information, but they are also almost completely incomprehensible to one not skilled at interpreting the various numerical codes they use," (citing *Roberts v. Commissioner*, T.C. Memo. 2004-100 (admitting evidence that helped identify entries in a transcript)). See also *Dobson v. Commissioner*, 320 U.S .489, 498 (1943) (stating that the federal tax law is "so complex as to be the despair of judges"); Tax Executive Institute, *Presidential Candidates' Tax Administration Proposals Raise Policy Concerns*, 72 TAX NOTES 1823 (Sept. 30, 1996) ("We know from experience that the tax laws are mind-bogglingly complex, and are convinced that both the tax laws and their administration can be improved.")

Attached hereto is Defendant's Appendix I, *IRS Procedures and their Strict Rules*, a detailed analysis of the encoded transcripts and other IRS materials necessary to understand the complex operation of the IRS computer systems which, for all intents and purposes, carry out the Commissioner's duties to implement and execute the internal revenue laws.  Appendix I is necessary for this Court's understanding of how the false-return scheme was created for Dr. Bailey for 1998 and other years.  Appendix I is also necessary to benefit the testimony of the parties' experts at a hearing on Dr. Bailey's motion.

Briefly, for this Court's convenience as to this motion, the false evidence deliberately fabricated by the Government, occurred as follows:

### A.   The False Entry Scheme Used in This Case

1.  The IRS Commissioner has chosen to execute the internal revenue laws, pursuant to his duties under IRC § 7803(a)(2) (Duties) ("The Commissioner shall have such duties and powers as the Secretary may prescribe, including the power to— (A) administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws").

2.  In its Report to the Chairman, Committee on Ways and Means, House of Representatives, dated April 21, 1999, titled *TAX ADMINISTRATION - Uses of and Problems with IRS' Non-Master File*, the United States General Accounting Office stated the following at page 1:

> The Internal Revenue Service (IRS) maintains and processes most taxpayer accounts on the master file, which consists of separate files for various types of

taxpayers, such as individuals, businesses, employee plans, and exempt organizations.  http://www.gao.gov/archive/1999/gg99042.pdf.

3. "Before automated data processing, IRS maintained all tax accounts on ledger cards. In 1962, this system was replaced with the master file." *1999 GAO Report, supra*, at p. 3 http://www.gao.gov/archive/1999/gg99042.pdf

4. The IRM is the "authority" for implementation of the tax laws: IRM 1.11.2.2  (05-08-2014) IRM Standards

5. The IRM is the primary, official source of "instructions to staff" that relate to the administration and operation of the IRS. It details the policies, delegations of authorities, procedures, instructions and guidelines for daily operations for all IRS organizations. The IRM ensures that employees have the approved policy and guidance they need to carry out their responsibilities in administering the tax laws or other agency obligations. Through the IRM, the IRS fulfills certain legal *obligations*. See IRM 1.11.1.3, *Authorities and Legal Obligations of IMDs*.

6. Procedural guidance that has servicewide or organizational impact belongs in the IRM. These categories of documents are primary sources of guidance (see *Exhibit* 1.11.2-1 for a list of these terms and their definitions):

    Procedures and guidelines

    Policies - published in the form of Policy Statements

    Delegations of Authority - published in the form of Delegation Orders

    Functional statements

    Interim Guidance (IG)  http://www.irs.gov/irm/part1/irm_01-011-002.html#d0e330

7. The following explanation of the "false-return scheme" is based upon the Discovery materials provided by the Government, decoded with the aid of the IRM and Document 6209, the IRS computer code-book.[6] Because the history of the actual transactions posted on Dr. Bailey's IRS transcripts has not been provided, this explanation includes not only

---

[6] The 2015 version is available at http://1.usa.gov/1MVE0NH ("**2015 Document 6209** is a reference guide which contains ADP and IDRS data relative to various components of the IRS. It

the obvious facts, but also such reasonable facts as are supported by the obvious facts but which are not shown on the face of the transcripts provided.

8. Although Discovery documents do not reveal the precise date when it occurred, it is believed that IRS followed its customary practice and sent a 30-day letter to Dr. Bailey, alleging a tax liability and asking him to file a return for 1998.

9. Apparently, IRS was not satisfied with his response, if any, and thereafter, on or about February 23, 2005, IRS activated the override function of Push Code 036 designed to defeat the IRS computer system safeguards against deficiency proceedings unless an actual return by Dr. Bailey had been posted on the main computer, called the Master File.

10. Because the Examination Division, which conducts the deficiency proceedings, requires that a "return" be posted on Master File before it may perform "adjustment transactions" to *his* "return" as part of the deficiency process, Push Code 036 was employed to circumvent this security limitation for 1998 by posting on his Individual Master File a computer code (TC 150) on or about that same date, February 23, 2005. This TC 150 caused the Master File to conclude that Dr. Bailey had filed an actual return, and thereupon sent to the Examination Division *his* Form 1040A "tax return record" (which, of course, did not exist or existed solely as a false TC 150 computer code).

11. Without access to the full history of the transactions to his Master File, Dr. Bailey believes that the TC150 was hidden under other verbiage on his 1998 transcripts to conceal the false-return scheme from view of the courts, himself and his Counsel.  Push Code 036 then generated the letters "SFR" (Substitute for Return) which were sent back to the Master File, where they were posted on the same line as the TC 150 believed to be already present, but concealed, on the Master File.

12. As a consequence, Dr. Bailey's TC 150 now appears as SFR TC 150 on all transcripts and allowed IRS Counsel to falsely inform the tax court that IRS had created a Substitute for Return (SFR) for Dr. Bailey under § 6020(b). The truth is that Document 6209, the

is updated annually.") ADP – Automated Data Processing; IDRS – Integrated Data Retrieval System.

Defendant's Motion To Dismiss: False Evidence
Deliberately Fabricated by the Government

IRS code-book, has no computer code by which to post an SFR on the Master File. The SFR TC 150 which now appears on his transcripts appears to be a combination of Dr. Bailey's TC 150 with the letters SFR appended to it. Dr. Bailey's TC 150  appears to have been created by Push Code 036 under § 6020(a), which required IRS to obtain both his "consent" and his "signature." Both appear to have been obtained via his default to the 30-day letter which commenced the false-return scheme in this particular instance.

13. The IRS cannot submit an SFR if TC 150 was already posted, as it was for Dr. Bailey. IRM 4.12.1.8.1 (10-05-2010).  In clear language, the IRM states that the agency is not to submit a delinquent or substitute return if a TC 150 has posted or a SFR TC 150 has posted.  See http://www.irs.gov/irm/part4/irm_04-012-001.html#d0e10. In Dr. Bailey's case, the TC 150 is believed to have been *posted* on or about 23 February 2005, and the SFR was later *generated* on 14 March 2005.

14. If, as IRM instructs, an SFR cannot be submitted if a TC 150 has posted, as it had on or about February 23rd, then it follows that the SFR TC 150 *generated* on March 14th cannot have *posted* to Master File.

15. Therefore, the SFR TC 150 which shows on the 1998 transcripts cannot be a truthful post of an SFR. At best, the SFR TC 150 which shows on the transcripts must necessarily be comprised of Dr. Bailey's original return Form 1040A "TC 150" adorned, so to speak, by the letters "SFR." This constitutes a "doctoring" of the transcripts to a fraudulent end, because it fraudulently reflects that an SFR was created when, as the IRM clearly instructs, no SFR can be submitted when, as here, a TC 150 was already posted.

16. Despite the above restrictions, the Examination Division then made the deficiency changes to Dr. Bailey's non-existent Form 1040A return and issued him a Notice of Deficiency (NOD) on November 20, 2006. The NOD is often called the 90-day letter (90 days to petition tax court for a redetermination of the deficiency amount) or "your ticket to tax court," as the tax court only has jurisdiction to hear the case if the IRS has issued a NOD.

17. Push Code 036's override function is formulated so that the transcripts derived from the

computer reflect that IRS created a Substitute for Return (SFR) for Dr. Bailey. IRS did not create an SFR, at least not an SFR which was posted on Dr. Bailey's Master File. Notwithstanding the fact that IRS did not create an SFR, Counsel for the Commissioner stated in the 1998 tax court proceedings: "RESPONDENT . . . [a]dmits that a return under I.R.C. section 6020(b) was created for the Petitioner." Tax Court File, *WB-TAX-CT-FILE-000030*. Again, Document 6209, the IRS code-book, does not provide a computer code by which to post an SFR on Master File, nor could one post with TC 150 already posted. Hence, the need for Push Code 036's workaround or override function.

18. This aspect of the false-return scheme is necessary to improperly influence the Tax Court into believing that IRS had created an SFR and issued an NOD thereto, thereby vesting the Tax Court with jurisdiction to hear the case. This has the collateral effect of deceiving Dr. Bailey, the grand jury, the courts and the legal profession. Unravelling the false-return scheme requires a detailed knowledge of IRS's Document 6209, the IRS computer code-book, because the transcripts are prepared with highly-coded entries impossible to understand without the Document 6209 decode feature.

19. Even with the aid of Document 6209, the task is daunting, because the transcripts are formulated in such a manner as to completely obscure the purported presence of Dr. Bailey's original return Form 1040A on the Master File computer.

20. The end result:

    a. Push Code 036's override function allowed Master File to post Dr. Bailey's original return without his (or anybody else's) knowledge that he had filed a return.

    b. The Examination Division, which could only compute a deficiency if he had filed a return and had it posted on Master File, believed it had obtained both.

    c. To conceal the fraud, the transcripts simply hid the TC 150 computer code which posted *his purported* Form 1040A return on Master File.

    d. The false-return scheme has hidden the Form 1040A "consent-by-default" return computer code, doctored the transcripts to make Dr. Bailey's TC 150 return under

§ 6020(a) appear as an SFR return under § 6020(b), and no one will be able to see the fraudulent process buried in the coded transcripts. The fraud is encoded into undecipherable computer language.

e. To defraud the tax court, the transcripts are manipulated to falsely reflect that IRS had created an SFR, giving the Tax Court apparent jurisdiction to hear the case, with no one able to see the scope of the false-return scheme.

f. To complete the fraud, Dr. Bailey's 1998 assessment is coded as having been based upon his original return and as having been "agreed" to by him.[7]

## V.   AN EVIDENTIARY HEARING IS REQUIRED

"An evidentiary hearing is generally required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *Center Art Galleries – Hawaii, Inc. v. United States*, 875 F.2d 747, 754 (9th Cir. 1989). See also *United States  v. Thomas*, 863 F.2d 622, 623 -624 (9th Cir. 1988) (facts at hearing relied on for suppression); *United States v. Batiste,* 868 F.2d 1089, 1093 (9th Cir. 1989) (noting that, "when the government flatly refused to produce witnesses at the evidentiary hearing, the district court properly granted Batiste's motion to suppress evidence"); *United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir. 1985) (error not to hold evidentiary hearing where defendant "made an offer of proof 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the [subject of the motion] are in question'") (quoting *United States v. Ledesma*, 499 F.2d 36, 39 (9th Cir.), *cert. denied*, 419 U.S. 1024 (1974)); *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972) ("Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved.") (citing *Cohen v. United States*, 378 F.2d 751, 760, 761 (9th Cir.), *cert. denied*, 389

---

[7] Actually, the IRS utilized the same false-return scheme as to other tax years of Dr. Bailey, including 1999, 2000, 2001, 2002, 2003, and 2004, as evidenced in the IMF-Complete for 1999-2004 and can be found at WB-TAX-DOC-000099, 000100-101, 000100-102, 000100-104, 000100-105, and 000107.  See FOIA response of February 2014.

U.S. 897 (1967)).

This motion and the attached Appendix meet the Ninth Circuit standards required to mandate an evidentiary hearing.

**CONCLUSION**

For the foregoing reasons, Dr. Bailey respectfully requests the Court to set this matter for an evidentiary hearing and, upon sufficient proof, dismiss the Indictment with prejudice

Respectfully submitted,

Dated:  31 July 2015

_s/David M. Michael_
DAVID M,.MICHAEL

_s/Scott W. Gross_
SCOTT W. GROSS

Attorneys for Defendant
WILLIAM RICHARD BAILEY

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that, on 31 July 2015, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/*David M.. Michael*_____
DAVID M. MICHAEL
Attorney for Defendant William Bailey

## **CERTIFICATE OF SECOND ELECTRONIC SERVICE**

I hereby certify that, on 3 August 2015, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/*David M.. Michael*_____
DAVID M. MICHAEL
Attorney for Defendant William Bailey