LAURA E. DUFFY
United States Attorney
JOSEPH J.M. ORABONA
MELANIE K. PIERSON
Assistant U.S. Attorneys
California State Bar No. 223317/112520
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7951/7976
Email: joseph.orabona@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>WILLIAM RICHARD BAILEY,<br><br>      Defendant. | Criminal Case No. 13CR3046-CAB<br><br>**THE UNITED STATES' TRIAL MEMORANDUM**<br><br>DATE:    January 25, 2016<br>TIME:    8:45 a.m.<br>PLACE:  Courtroom 4C<br>JUDGE:  Honorable Cathy A. Bencivengo |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Joseph J.M. Orabona and Melanie K. Pierson, Assistant U.S. Attorneys, hereby files its Trial Memorandum in the above-referenced case against defendant WILLIAM RICHARD BAILEY ("Defendant").

/ /

/ /

/ /

# I
## STATUS OF THE CASE

**A.**   **Indictment**

On August 15, 2013, a federal grand jury in the Southern District of California returned an 8-count Indictment charging Defendant with tax evasion for tax years 2004 through 2011, all in violation of 26 U.S.C. § 7201.

**B.**   **Trial Status**

A jury trial is scheduled to commence on January 25, 2016 at 8:45 a.m.   The United States estimates that its case-in-chief will last approximately two-and-a-half days.

**C.**   **Defense Counsel**

Defendant is represented by David M. Michael and Scott W. Gross.

**D.**   **Custody Status**

Defendant is out of custody on a personal appearance bond in the amount of $40,000 secured by the signatures of two relatives.

**E.**   **Interpreter**

The United States does not require the services of an interpreter for this trial.

**F.**   **Motions and Rulings**

  1.   Discovery Motions

On March 26, 2015, the Court denied Defendant's motions for discovery of the IRS source code and system documentation, the production of grand jury transcripts, and the production of IRS records regarding *Murray's Lessee*, *United States v. Hargis*, and the alleged IRS Revenue Agent Training Manual Lesson 23 from 1987.

On June 19, 2015, the Court granted Defendant's request for discovery mandated by Rule 16 of the Federal Rules of Criminal Procedure, as well as evidence discoverable under *Brady v. Maryland*, *Giglio v. United States*, and the Jencks Act.   The Court also granted Defendant's request for notice of the United States' intent to admit evidence under Rule 404(b) of the Federal Rules of Evidence.   The Court granted the United States' motion for reciprocal discovery.

2.   Substantive Motions

On September 24, 2015, the Court denied Defendant's motion to dismiss the indictment and granted the United States' motion for handwriting exemplars.   On October 20, 2015, the Court denied Defendant's motion for reconsideration of the motion to dismiss the indictment, and denied Defendant's motions to continue the trial date and stay the proceedings.  Defendant filed a Notice of Appeal of this order of the Court on November 3, 2015.  The Court denied Defendant's motion to continue the trial and stay proceedings pending appeal on November 5, 2015.  The Ninth Circuit has not taken jurisdiction over Defendant's pending appeal.

3.   Motions *in Limine*

On November 19, 2015, the Court granted the following *in limine* motions filed by the United States: (1) to exclude witnesses from the courtroom, (2) to admit business and public records, (3) to allow the use of evidence in opening, providing the opposing side has no objection to the item, (4) preclude the admission of evidence not produced prior to trial, (5) to admit expert testimony of Revenue Agent Parrish and the forensic document examiner, and (6) to admit the Tax Court decision under Rule 404(b) for the limited purpose of proving knowledge, intent, and lack of mistake or accident.   The Court deemed motions to preclude self-serving hearsay and to exclude evidence of Defendant's belief that the tax laws are unconstitutional to be moot.  The Court reserved ruling on following pending motions to: (1) preclude defense experts; (2) preclude defense argument concerning the state of mind of the IRS; (3) admit summary charts; and (4) limit evidence of good faith defense.

The United States filed an additional Motion to Admit Evidence that is Inextricably Intertwined on January 7, 2016.  This motion will be heard at the status hearing, set for January 22, 2016.

**G.   Courtroom Computer Systems**

The United States will be using a projection-based evidence presentation system, which will include individual monitors located at the bench, counsel table, witness stand,

1    and before the jury.  The projection system will display exhibits admitted into evidence

2    on the large screen facing the jury, as well as on the small monitors near the jury box.

3        **H.    Stipulations**

4        As of the date of this trial memorandum, the parties have been unable to enter into

5    any stipulations.

6        **I.    Jury Instructions**

7        The United States' proposed jury instructions were filed separately with the Court

8    on December 16, 2015 (docket no. 129).  The United States filed Supplemental Jury

9    Instructions on January 18, 2016.

10                                    **II**

11                         **STATEMENT OF FACTS**

12        Defendant is a physician who earned income from services that he provided to

13    patients in San Diego County.  During the period from 2004-2011, he filed false tax

14    returns and evaded the assessment of income tax by claiming he had virtually no taxable

15    income and owed no tax.  Defendant concealed his income from the Internal Revenue

16    Service (IRS) by creating an alleged unincorporated business trust organization (UBO) in

17    the name of "ALH" and diverting the income that he earned into a bank account in the

18    name of the alleged trust.    Defendant was simultaneously the grantor, trustee, and

19    beneficiary of the alleged trust, and he used all of the income in the bank account of the

20    alleged trust to pay his personal expenses.

21        Prior to 2008, Defendant had been a non-filer of income tax returns.  He concealed

22    his income from the IRS by having his income deposited into a bank account of an

23    alleged trust by the name of ALH, where it was then transferred to the bank account of

24    another alleged trust in the name of HealthNet.  The trustee of HealthNet (of which the

25    defendant was one) then transferred the funds back to Defendant, who used them to pay

26    his personal expenses.  In 2006, the IRS brought a civil tax enforcement proceeding

27    against Defendant.  Following a bench trial on October 31, 2007, where Defendant

28    represented himself, the Tax Court judge rejected Defendant's argument that the

operation of the alleged trusts caused his income to be nontaxable and ordered Defendant to file tax returns and pay the taxes due for the calendar year at issue (1998).  Defendant appealed the decision of the Tax Court to the Ninth Circuit Court of Appeals, which also rejected his arguments on May 26, 2009.  *See Bailey v. Comm'r*, 330 F. App'x 677 (9th Cir. 2009) (unpublished).

In September 2008, Defendant filed tax returns for 2004 through 2007, on which he claimed he had minimal if any gross income, had no taxable income, and owed no income tax.  In subsequent tax years 2008 through 2011, Defendant also claimed he had very little gross income, had no taxable income, and owed no income tax.  However, Defendant earned more than a total of $1 million in gross income for tax years 2004 through 2011 from his work as a physician for healthcare providers in San Diego.  As a result of Defendant's filing of false tax returns that failed to report his gross income, he evaded paying more than $315,000 in federal income taxes over that same period.

### III

### EXHIBIT LIST

Draft copies of summary charts and computations which will be offered by the United States have been provided to defense counsel, together with the data and records underlying the summary charts.  A draft set of pre-marked exhibits will be provided to defense counsel.  A final exhibit list will be provided to the clerk of the court at the time of trial.  The Government reserves the right to supplement the exhibit list during trial, as the evidence is admitted.  Any changes will be brought to the attention of counsel and the Court promptly and any additional exhibits will be provided.  The list below provides a general description of the exhibits that the United States will seek to admit in its case-in-chief:

1.    Tax returns filed by Defendant for 2004 through 2011

2.    IRS Form 1099s issued for some of Defendant's physician services

3.    Correspondence with the IRS

4.    Checks provided to Defendant as payment for his physician services

5.      Employment contracts for Defendant's physician services

6.      Alleged trust documents, including "ALH" trust (1993 and 2004)

7.      Bank records for the account in the name of the alleged "ALH" trust

8.      Bank account and credit card records of Defendant demonstrating the payment of personal expenses using funds from the "ALH" bank account

9.      Records relating to Defendant's purchase of a residence

10.     Records relating to Defendant's purchase of vehicles

11.     Records relating to Defendant's purchase of a timeshare

12.     Summary charts for gross income, deductions, tax deficiencies and other tax computations, bank accounts, credit cards, and other personal expenses

13.     Exhibits utilized and prepared by a Forensic Document Examiner

## IV

## <u>WITNESS LIST</u>

The United States reserves the right to change the order of, substitute, or add or omit one or more of the witnesses:

1.      Dr. Russell P. Dunnum of WorkMed

2.      Dr. Nathaniel Rose of Pacific Beach Urgent Care

3.      Kristy Morgan, IRS Records Center

4.      Andrea Kardos, Regents Bank

5.      Reed Davis

6.      Patrick Perry

7.      Erin Salel, IRS General Counsel's Office

8.      Lanisa Jenkins, Countrywide/Bank of America

9.      Joseph Tabasso, JP Morgan Chase

10.     Adam Morris, John Hine Mazda

11.     Margaret Ann Lind, Welk Resorts

12.     Francisco Garcia, IRS Criminal Investigations Division

13.     David Oleksow, Forensic Document Examiner

14.    John Parrish, IRS Revenue Agent

15.    John Weeks, IRS Special Agent

**V**

**LEGAL ISSUES**

**A.    Tax Evasion**

1.    The Essential Elements of the Offense

Section 7201 provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof" shall be guilty of the offense of tax evasion.  *See* 26 U.S.C. § 7201.  The elements of tax evasion are:

a.    The defendant owed more federal income tax for the specified tax year listed in Counts 1 through 8 (that is, 2004, 2005, 2006, 2007, 2008, 2009, 2010, and 2011), than was declared due on the defendant's income tax return for that specified tax year;

b.    The defendant knew at the time that he filed his return that more federal income tax was owed than was declared due on the defendant's income tax return;

c.    The defendant made an affirmative attempt to evade or defeat such additional tax during each specified tax year; and,

d.    In attempting to evade or defeat such additional tax, the defendant acted willfully.

*See* 9th Cir. Model Jury Instr. No. 9.37.

2.    Affirmative Attempt to Evade and Defeat a Tax

"[A]ny conduct, the likely effect of which would be to mislead or to conceal" for tax evasion purposes constitutes an attempt.  *Spies v. United States*, 317 U.S. 492, 499 (1943).   Even an activity that would otherwise be legal can constitute an affirmative act supporting a Section 7201 conviction, so long as it was carried out with the intent to evade tax. *United States v. Jungles*, 903 F.2d 468, 474 (7th Cir.1990). Proof of one affirmative act charged in a count in the indictment is sufficient for conviction upon that count. *United States v. Mackey*, 571 F.2d 376, 387 (7th Cir. 1978).

In this case, the indictment alleges, as affirmative acts of evasion, that the defendant: (1) directed that the checks he received from the clinics where he provided

physician services be made payable to his alleged trust; (2) the defendant deposited the income he received from his practice as a physician into a bank account in the name of his alleged trust; (3) the defendant transferred funds from the bank account in the name of his alleged trust to pay his personal expenses; and (4) the defendant filed false and fraudulent tax returns that substantially understated his income.

Examples of affirmative acts noted by the Supreme Court and relevant to this case include concealment of assets or covering up sources of income, and handling of one's affairs to avoid making the records usual in transactions of the kind. *See Spies*, 317 U.S. at 499. Federal courts have ruled that the following types of acts are affirmative acts under 26 U.S.C. § 7201:

      a.  Filing a false tax return which has the effect of reducing the defendant's stated tax liability. *See Sansone v. United States*, 380 U.S. 343, 351-52 (2000).

      b.  Listing assets (including a house) in another's name. *See Cohen v. United States*, 297 F.2d 760, 762 (9th Cir. 1962); *United States v. Brumberg*, 961 F.2d 1286, 1291 (7th Cir. 1992); *United States v. Conley*, 826 F.2d 551, 557 (7th Cir. 1987).

      c.  Using family trusts and cash transactions. *United States v. Boone*, 951 F.2d 1526, 1541 (9th Cir. 1991).

      d.  Placing funds and property in the names of nominees. *United States v. DelTar*, 832 F.2d 1110, 1114 (9th Cir. 1987).

### 3.   An Additional Tax Was Due and Owing

It is not necessary to charge or to prove an exact amount of the tax that is due and owing. *United States v. Buckner*, 610 F.2d 570, 573-74 (9th Cir. 1979). The amount of tax owed need not be substantial. *United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990). The trier of fact need only find "some tax deficiency" in order to convict the defendant of tax evasion. *Id.* at 736.

### 4.   Defendant Acted Willfully

In the criminal tax context, willfulness is the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991); *see also United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992). "Bad purpose" or "evil motive" is

not part of the equation. *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Kelley*, 539 F.2d 1199, 1204 (1976). Since direct proof of a defendant's state of mind is rarely available, circumstantial evidence and inferences drawn therefrom typically establish willfulness. *United States v. Woodley*, 9 F.3d 744, 779 (9th Cir. 1993); *United States v. Clairborne*, 765 F.2d 784, 797 (9th Cir. 1985); *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir.1980). Willfulness is determined by a subjective standard rather than an objective one, and the defendant's beliefs need not be objectively reasonable. *Cheek*, 498 U.S. at 203. But, the jury may "consider the reasonableness of the defendant's asserted beliefs in determining whether the belief was honestly or genuinely held." *Powell*, 955 F.2d at 1212; *United States v. Grunewald*, 987 F.2d 531, 536 (8th Cir. 1993).

Federal courts have ruled that the following types of circumstantial evidence are admissible to show willfulness:

    a. A consistent pattern of under reporting income. *United States v. Kim*, 884 F.2d 189, 192 (5th Cir. 1989).

    b. Making or using false documents, false entries in books and records, false invoices, and the like. *United States v. Chesson*, 933 F.2d 298, 304 (5th Cir. 1991).

    c. Repetitious omissions of items of income. *Sherwin v. United States*, 320 F.2d 137, 141 (9th Cir. 1963).

    d. Extensive use of cash. *United States v. Soulard*, 730 F.2d 1292, 1304 (9th Cir. 1984).

    e. The defendant's general attitude toward taxes and the IRS. *United States v. O'Connor*, 433 F.2d 752, 754 (1st Cir. 1970); *United States v. Marchini*, 797 F.2d 759 (9th Cir. 1986).

    f. The defendant's filing history both before and after the years in question. *See, e.g., United States v. Ayers*, 924 F.2d 1468, 1473-74 (9th Cir. 1991); *United States v. Turk*, 722 F.2d 1439, 1441 (9th Cir. 1983) (en banc); *United States v. Buras*, 633 F.2d 1356, 1359 (9th Cir. 1980); *United States v. Snow*, 529 F.2d 224, 225 (9th Cir. 1976).

    g. Misleading or concealing conduct. *United States v. Voorhies*, 658 F.2d 710, 715 (9th Cir. 1981).

    h. The defendant's professional experience. *United States v. Smith*, 890 F.2d 711, 715 (5th Cir. 1989).

i.   The filing of a false return. *United States v. Marabelles*, 724 F.2d 1374, 1380 (9th Cir. 1984).

5.   Requirements to File a Tax Return and Pay Income Tax

An individual whose gross income exceeds the statutory minimum incurs an obligation to file a tax return. 26 U.S.C. § 6012; *United States v. Pederson*, 784 F.2d 1462, 1464 (9th Cir. 1986).   The Internal Revenue Code expansively defines gross income to mean ". . . all income from whatever source derived." 26 U.S.C. § 61(a). Because the filing requirement is based on gross income, the government need not establish any actual tax liability to trigger the requirement to file. *Spies*, 317 U.S. at 496. The income at issue far exceeded the minimum filing requirements for the years in question. *See* 26 U.S.C. § 6012.   At trial, the government will establish the income by introducing into evidence the specific items of income received by the defendant. *See Marabelles*, 724 F.2d at 1377 n.1.

B.   **The Good Faith Defense**

In *Cheek*, the Supreme Court described what a tax evasion defendant may and may not argue to establish a lack of willfulness.  A tax defendant may introduce evidence that he was ignorant of the law, or "because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws."  498 U.S. at 202; *see also Powell*, 955 F.2d at 1211 ("If the defendant had a subjective good faith belief, no matter how unreasonable, that he was not required to file a tax return, the government cannot establish that the defendant acted willfully.").  This is true even if the defendant's beliefs are objectively unreasonable, although "the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws." *Cheek*, 498 U.S. at 203-04.

What a defendant cannot do is introduce any evidence or argument relating to their views about the legality of the tax laws, such as the Sixteenth Amendment.  As the Supreme Court explained in *Cheek*, "a defendant's views about the validity of the tax

statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Id.* at 207.  As the Ninth Circuit has explained, "*Cheek* made clear that a defendant's views as to the unconstitutionality or invalidity of the tax laws is irrelevant to the issue of willfulness." *United States v. Hanson*, 2 F.3d 942, 946 (9th Cir. 1993); *see also United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005) ("[A] defendant's good-faith belief that the tax laws are unconstitutional or otherwise invalid does not negate the willfulness requirement, and such evidence is therefore irrelevant to a good-faith defense."); *United States v. Willie*, 941 F.2d 1384, 1392 (10th Cir. 1991) (holding that evidence "of a belief that he should not have a duty [to pay taxes] only proves the reasonableness of the defendant's disagreement with the existing law and is, therefore, properly excluded as irrelevant"); *United States v. Lindsey*, 184 F.3d 1138, 1141 n.2 (10th Cir. 1999) (defendant's belief that the tax code was unconstitutional cannot comprise a *Cheek* defense); *United States v. Bonneau*, 970 F.2d 929, 933 (1st Cir. 1992) ("Under *Cheek*, a defendant charged with tax evasion cannot testify to his view that the tax laws are unconstitutional because, under the substantive law laid down by *Cheek*, this belief even though sincere does not negate willfulness.").

The Seventh Circuit has explained the logic behind this hard and fast rule: "Arguments which challenge the constitutionality of or validity of the tax laws are precluded because they are necessarily premised on a defendant's full knowledge of the law (unlike claims of mistaken belief or misunderstanding which can be caused by the complexity of the Internal Revenue Code) and therefore make irrelevant the issue of willfulness." *United States v. Dack*, 987 F.2d 1282, 1285 (7th Cir. 1992).  Indeed, the Supreme Court upheld a jury instruction that specifically stated that "[a]n opinion that tax laws violate a person's constitutional rights does not constitute a good-faith misunderstanding of the law." *Cheek*, 498 U.S. at 204; *see also Powell*, 955 F.2d at 1212 (approving similar instruction).  Accordingly, Defendant in this case cannot offer any evidence or argument about his beliefs concerning the legality of the tax laws. If

Defendant manages to put such evidence or argument before the jury, this Court should immediately instruct the jury that such argument or evidence is improper, as disagreement with the tax laws is not a defense to tax evasion.

In making a "good faith reliance" defense to tax evasion charges, Defendant is limited to evidence (a) upon which he actually relied, and (b) that survives an analysis under Rule 403 of the Federal Rules of Evidence. For documents such as tax protestor materials, internet printouts, and so on relating to willfulness to be admissible, a defendant first must lay a proper foundation demonstrating that he "actually" relied upon the specific material that is being offered. *Powell*, 955 F.2d at 1214. Without actual reliance, such materials and testimony have no evidentiary value, and should be excluded. *See, e.g., id.* ("Legal materials upon which the defendant does not claim to have relied . . . can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law"); *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995) (holding that advice of counsel defense properly excluded because no indication that defendant relied on counsel's advice); *United States v. Burton*, 737 F.2d 439, 444 (5th Cir. 1984) (excluding expert's testimony about legal uncertainty in tax code because no showing that defendant relied upon opinion of expert). Without carefully reviewing such proffered evidence, "the careless admission of evidence supporting both relevant and irrelevant types of belief could easily obfuscate the relevant issue and tempt the jury to speculate that the mere existence of documentary support for the defendant's position negates his independent knowledge that he has a legal duty." *Willie*, 941 F.2d at 1393.

Even if Defendant can establish that he actually relied on the proffered evidence, the next question is whether the evidence should be excluded under Rule 403 of the Federal Rules of Evidence. *Willie*, 941 F.2d at 1395; *United States v. Barnett*, 945 F.2d 1296, 1301 (5th Cir. 1991). The exclusion of such material from evidence does not prevent a defendant from conveying the core of his defense to the jury because the defendant may still testify as to his asserted beliefs and how he supposedly arrived at

them.  *See, e.g.*, *United States v. Bergman*, 813 F.2d 1027, 1029 (9th Cir. 1987) (proper to exclude documents that defendant claimed to rely upon when defendant permitted to testify that he relied on the documents); *United States v. Malquist*, 791 F.2d 1399, 1402 (9th Cir. 1986) (to the same effect); *United States v. Saldana*, 427 F.3d 298, 306-07 (5th Cir. 2005) (proper under Rule 403 to exclude tax protestor manuals as cumulative because defendant permitted to testify that he relied on the manuals); *United States v. Flitcraft*, 803 F.2d 184, 186 (5th Cir. 1986) (to the same effect); *Simkanin*, 420 F.3d at 412-13 (to the same effect).

When confronted with such tax protestor evidence, the district court must weigh the various competing interests and determine the form and extent of legal material that should be admitted into evidence.  *See Willie*, 941 F.2d at 1398.  Factors the district court may consider include (1) the centrality of these materials to a defendant's claimed misunderstanding of the tax laws; (2) the materials' length and potential to confuse the jury; (3) the degree to which such materials are merely cumulative to a defendant's testimony or other evidence; (4) the extent the defendant may be attempting to use them to instruct the jury on the law or to propagate tax protestor beliefs; and (5) the potential utility of limiting instructions. *See, e.g., id.* at 1398; *Barnett*, 945 F.2d at 1301.

Accordingly, this Court may permit Defendant to offer evidence about alternative interpretations of the tax laws only if the evidence was (a) actually relied upon by Defendant, and (b) would not confuse the jury regarding the law, undermine the authority of the Court, or be cumulative.  Before any such testimony or documents are allowed into evidence, Defendant should be required to make a "proffer of great specificity" regarding actual reliance. *See Willie*, 941 F.2d at 1393 (requiring the defendant to make a "proffer of great specificity" before admitting such evidence, and holding that a "mere statement that the evidence is submitted to show sincerity of belief is not enough").

//
//
//

# VI

# EVIDENTIARY ISSUES

### A.   IRS Service Center Records

The United States will offer documents from the Internal Revenue Service Centers through an IRS Service Center Representative.  These documents will include: (1) tax returns filed by Defendant for tax years 2004 through 2011, which are admissible under Federal Rules of Evidence 803(6), 803(8), and 902, and 26 U.S.C. § 6064, and (2) tax forms, such as Form 1099, which are admissible under the same Rules of Evidence.  *See also United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir. 1980).  The witness may also testify as to a lack of record, which is admissible under Rule 803(10).

### B.   Search Warrant Documents Are Adoptive Admissions

Documents and other items found at the business and residence of Defendant are admissible against Defendant under Federal Rules of Evidence 801(d)(2)(B) and 801(d)(2)(E).  *See, e.g., United States v. Ospina*, 739 F.2d 448, 451 (9thh Cir. 1984) (holding that hotel receipts and business cards found in the dresser of motel room admissible as adopted admissions).  As the First Circuit explained when following *Ospina*, "so long as the surrounding circumstances tie the possessor and the document together in some meaningful way, the possessor may be found to have adopted the writing and embraced its contents."  *United States v. Paulino*, 13 F.3d 20, 24 (1st Cir. 1993) (documents found in apartment admissible under FRE 801(d)(2)(B). See, also, e.g., *United States v. Carrillo*, 16 F.3d 1046, 1048-49 (9th Cir. 1994) (drug tally sheet found in defendant's pocket admissible under Rule 801(d)(2)(B) as adopted admission); *United States v. Marino*, 658 F.2d 1120, 1124-25 (6th Cir. 1981) (holding that cocaine transporters had adopted, by mere possession, airline tickets, bank records, and hotel records because "possession of a written statement becomes adoption of its contents. Adopted admissions are not hearsay and may be admitted into evidence.").

//

C.      **Contracts, Checks, and Legal Documents are Admissible**

At trial, the United States intends to offer into evidence a significant number of agreements, contracts, checks and other legal documents which are relevant to this case. These types of documents are not subject to hearsay objections.  It is well-settled that signed instruments such as contracts, agreements, checks and promissory notes are writings that have independent legal significance, and are non-hearsay.   *United States v. Rubier*, 651 F.2d 628 (9th Cir. 1981); *Kepner-Tregnoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994).   Signed instruments are verbal acts, which have legal reality independent of the truth of any statement contained in them. The fact that a party signs a legal document creates legal rights, regardless of what the signatory was thinking at the time.  *Kepner-Tregnoe, Inc.*, 12 F.3d at 540.  Therefore, the admission of these types of documents to prove their existence cannot be prevented by the hearsay rule.

D.      **Defendant May Not Introduce Lay Testimony As to the "Sincerity" of Defendant's Beliefs Concerning the Tax Laws**

The defendant may not introduce lay testimony as to the "sincerity" of his beliefs. The defendant may not ask witnesses for their opinions as to whether the defendant sincerely believed that he did not have to pay income taxes because such testimony is inadmissible under Rule 701 of the Federal Rules of Evidence.  *See, e.g., United States v. Hauert*, 40 F.3d 197, 201-02 (7th Cir. 1994) (district court did not abuse discretion in excluding testimony about whether defendant had sincere belief about not paying taxes).

E.      **Hostile Witness or Witness Identified with an Adverse Party**

Several of the witnesses called by the United States will be close associates of Defendant who have evaded service, expressed their intent to refuse to appear after being served with subpoenas, and/or have been identified by Defendant as a participant in the alleged ALH trust.  During the testimony of such witnesses, the United States may request permission to conduct the examination using leading questions, as permitted by Rule 611(c) of the Federal Rules of Evidence.

Rule 611(c) provides that "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading question." The Rule "vests broad discretion in trial courts." *Miller v. Fairchild Industries*, 885 F.2d 498, 514 (9th Cir. 1989). Reversal on the basis of an exercise of discretion under the Rule will occur "only if the judge's action amounted to or contributed to the denial of a fair trial." *Id.* "The term 'witness identified with an adverse party' is intended to apply broadly to an identification based upon employment by the party or by virtue of a demonstrated connection to the opposing party." Glen Weissenberger, *Federal Evidence 1996 Courtroom Manual* 134 (1995).

Before the adoption of Rule 611(c), the use of leading questions on direct examination required either a showing of actual hostility or a determination that the witness being examined was an adverse party, or an officer, director, or managing agent of an adverse party. *Ellis v. City of Chicago*, 667 F.2d 606, 612 (7th Cir.1981). The drafters of the Rule decided that these limitations presented "an unduly narrow concept of those who may safely be regarded as hostile without further demonstration. Fed. R. Evid.611(c) Advisory Committee Notes. The new rule was thus designed to enlarge the categories of witnesses automatically regarded as adverse, and therefore subject to interrogation by leading questions without further showing of actual hostility." *Id.*

Rule 611(c) also states "[O]rdinarily leading questions should be permitted on cross-examination." But as the Advisory Committee Notes make clear, the "right of a cross-examiner to employ leading questions is not absolute under Rule 611(c)." *Morvant v. Construction Aggregates Corporation*, 570 F.2d 626, 635, n.12 (6th Cir. 1978). "Generally, when a witness identified with an adverse party is called, the roles of the parties are reversed. Leading questions would be appropriate on direct examination but not on cross examination." *Alpha Display Paging v. Motorola*, 867 F.2d 1168,1171 (8th Cir. 1989). The Advisory Committee Notes to Rule 611(c) clearly state that the use of the word "ordinarily" was meant to "furnish a basis for denying the use of leading questions when the cross examination is cross examination in form only and not in fact,"

1  giving the example of an insured defendant who proves to be friendly to the plaintiff.  In

2  instances where the United States' witnesses are clearly friendlier to Defendant, the

3  United States would request that the court require the defense to examine these witnesses

4  by means of non-leading questions.

5       **F.    Grand Jury Transcripts as Substantive Evidence**

6            Several of the witnesses who will testify have previously testified about this matter

7  before the grand jury.   In the event that the trial testimony of such a witness is

8  inconsistent with the testimony given before the grand jury, that witness can be

9  impeached by use of the grand jury transcript.  The relevant portion of the transcript itself

10  may be read and admitted as substantive evidence before the jury, under FRE

11  801(d)(1)(A).   *United States v. Champion International Corporation*, 557 F.2d 1270,

12  1274 (9th Cir.1977); *United States v. Morgan*, 555 F.2d 238, 241-242 (9th Cir.1977).

13                                   **VII**

14                              **VOIR DIRE**

15            The United States requests that the Court allow 15 minutes to each party for

16  attorney voir dire.  The United States filed separately its request to have the Court ask

17  certain questions of the prospective jurors on December 16, 2015 (docket no. 130).

18            DATED:  January  18, 2016                 Respectfully submitted,

19

20                                                    LAURA E. DUFFY
                                                     United States Attorney
21

22                                                    /s/ *Joseph J.M. Orabona*
23                                                    JOSEPH J.M. ORABONA
                                                     Assistant United States Attorney
24

25                                                    /s/ *Melanie K. Pierson*
26                                                    MELANIE K. PIERSON
                                                     Assistant United States Attorney
27

28

*United States' Trial Memorandum*                    17                    *13CR3046-CAB*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 13CR3046-CAB |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| WILLIAM RICHARD BAILEY, | |
| Defendant. | |

I, Joseph Orabona, the undersigned declare under penalty of perjury, that I am over the age eighteen years and I am not a party to the above-entitled action; that I served the following document: **The United States' Trial Memorandum** in the following manner: by electronically filing with the U.S. District Court for the Southern District of California using its ECF System:

1.    David M. Michael
      Edward M. Burch
      Law Offices of David M. Michael
      Email: david@davidmichaellaw.com
      Email: Edward@davidmichaellaw.com
      *Attorneys for Defendant*

2.    Scott W. Gross
      Email: swglaw@sbcglobal.com
      *Attorney for Defendant*

I declare under penalty of perjury that the above is true and correct.

Executed on January 18, 2016.

/s/ *Joseph J.M. Orabona*

JOSEPH J.M. ORABONA
Assistant United States Attorney